UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GARY REISER, | Case No. 13-11788 |
| Plaintiff, | Gershwin A. Drain |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION
CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 19, 20)**

**I.     PROCEDURAL HISTORY**

   A.     Proceedings in this Court

On April 22, 2013, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), this matter was referred to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for disability insurance benefits. (Dkt. 3). This matter is before the Court on cross-motions for summary judgment. (Dkt. 19, 20).

   B.     Administrative Proceedings

Plaintiff filed the instant claims on June 10, 2009, alleging that his disability began on September 3, 2004. (Dkt. 9-2, Pg ID 46). The claim was initially

disapproved by the Commissioner on October 20, 2009. (Dkt. 9-2, Pg ID 46). Plaintiff requested a hearing and on June 14, 2011, plaintiff appeared with counsel before Administrative Law Judge (ALJ) Richard P. Gartner, who considered the case *de novo*. In a decision dated October 25, 2011, the ALJ found that plaintiff was not disabled. (Dkt. 9-2, Pg ID 46-53). Plaintiff requested a review of this decision and the ALJ's decision became the final decision of the Commissioner when, after the review of additional exhibits,[1] the Appeals Council, on February 22, 2013, denied plaintiff's request for review. (Dkt. 9-2, Pg ID 31-); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, that the findings of the Commissioner be **AFFIRMED**.

---

[1] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

## II.  FACTUAL BACKGROUND

### A.  ALJ Findings

Plaintiff was 38 years of age on the date last insured of June 30, 2009. (Dkt. 9-2, Pg ID 48, 51). Plaintiff had past relevant work as an auto parks clerk and auto parts manager. (Dkt. 9-2, Pg ID 51). The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Dkt. 9-2, Pg ID 48). At step two, the ALJ found that plaintiff's history of L5-SI disc herniation with repairs and degenerative disc disease of the lumbar spine were "severe" within the meaning of the second step. *Id*. At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations. (Dkt. 9-2, Pg ID 49). At step four the ALJ found that plaintiff could not perform his past relevant work (Dkt. 92, Pg ID 51), but that he could perform light work, except that:

> he is limited to occasional postural maneuvers such as balancing, stooping, kneeling, crouching, crawling, and climbing ramps and stairs. He must avoid climbing ladders, ropes, and scaffolds. He is limited to occasional lower extremity pushing and pulling, to include the use of foot pedals. Claimant must avoid concentrated exposure to cold temperature extremes; and he is limited to occupations which do not require exposure to dangerous machinery and unprotected heights.

(Dkt. 9-2, Pg ID 49). At step five, the ALJ denied plaintiff benefits because

plaintiff could perform a significant number of jobs available in the national economy. (Dkt. 9-2, Pg ID 52).

B.  Plaintiff's Claims of Error

Plaintiff requests that the Court award disability benefits from the period of June 2009 through January 3, 2013, the date his surgeon cleared him to work again. Plaintiff says he has been unable to work since February 4, 2000 until January 3, 2013. He says he was unable to afford medical insurance until May 2012, when he finally became eligible for Medicaid and promptly sought medical help. Plaintiff asks the Court to review Dr. Falahee's report from May 17, 2012 to establish that he has had long term chronic pain and has been unable to work during this time frame. (Dkt. 20, Pg ID 332-33).

C.  Commissioner's Motion for Summary Judgment

The Commissioner contends that plaintiff failed to prove his claims of disability. *See* 20 C.F.R. § 404.1512. The ALJ found that plaintiff's history of L5-S1 disc herniation with repairs and degenerative disc disease of the lumbar spine were severe impairments, but that he did not have an impairment or combination of impairments which met or equaled one of the listed impairments in Appendix 1, Subpart P, Regulations No. 404. (Tr. 18-19). The ALJ determined that plaintiff had the residual functional capacity (RFC) to perform a range of light work activity. (Tr. 19). The ALJ further found that plaintiff was limited to

occasional postural maneuvers such as balancing, stooping, kneeling, crouching, crawling, and climbing ramps and stairs, had to avoid climbing ladders, ropes, and scaffolds, and was limited to occasional leg pushing and pulling, and the use of foot pedals. (Tr. 19). The ALJ also found that plaintiff had to avoid concentrated exposure to extreme cold temperatures, and that he was limited to jobs that did not require exposure to dangerous machinery and unprotected heights. (Tr. 19).

According to the Commissioner, in determining plaintiff's RFC, the ALJ considered: (1) plaintiff's statements about his condition (Tr. 19-20, 30-45, 209-16); (2) medical records showing that plaintiff's back problems did not rise to a disabling level (Tr. 20, 236-39, 244-47); and (3) examining physician Mary Wood, M.D.'s report. (Tr. 20-21, 249-60). The Commissioner contends that substantial evidence supports the ALJ's decision with respect to plaintiff's RFC. First, the ALJ found that plaintiff could not return to his past relevant work. (Tr. 21). The ALJ then used the testimony of a vocational expert (VE) in conjunction with the Medical Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2, as a framework, and found plaintiff not disabled. (Tr. 22-23). The ALJ posed a hypothetical question to the VE portraying the limitations described above. (Tr. 46-47). The VE testified that an individual with the foregoing restrictions could perform works as a cashier, a counter/retailer clerk, and a security/gate guard. (Tr. 47-48). The Commissioner maintains that the ALJ reasonably relied on the VE

conclusions in determining that plaintiff was not disabled because he could perform work the foregoing jobs. *See Smith v. Halter*, 307 F.3d 377, 378 (6th Cir. 2001) ("A vocational expert's testimony concerning the availability of suitable work may constitute substantial evidence where the testimony is elicited in response to a hypothetical question that accurately sets forth the plaintiff's physical and mental impairments.").

Based on the foregoing, the Commissioner asserts that the ALJ thoroughly and properly considered the relevant evidence and properly performed his duty as the trier of fact in resolving any conflicts in the evidence. (Tr. 16-23). *See* 20 C.F.R. §§ 404.1527, 404.1529, 404.1545, 404.1546(c). Thus, the Commissioner argues that substantial evidence supports the ALJ's findings and conclusion that plaintiff was not disabled within the meaning of the Social Security Act and the Commissioner's decision should be affirmed.

### III.    DISCUSSION

####    A.    Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial

determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502

F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027,

1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006).

    B.    <u>Governing Law</u>

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003).

There are several benefits programs under the Act, including the Disability Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq*.) and the Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et seq*.). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do

> basic work activities," benefits are denied without further analysis.
>
> Step Three: If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the

Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

C. <u>Analysis and Conclusions</u>

While the undersigned has thoroughly reviewed the record evidence, the parties' submissions, and the ALJ's decision, plaintiff cannot simply make the bald claims that the ALJ erred, while leaving it to the Court to scour the record to support this claim. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to ... put flesh on its bones.") (citation omitted); *Crocker v. Comm'r of Soc. Sec.*, 2010 WL 882831 at *6 (W.D. Mich. 2010) ("This court need not make the lawyer's case

by scouring the party's various submissions to piece together appropriate arguments.") (citation omitted). In the view of the undersigned, plaintiff's arguments are wholly insufficient and undeveloped. Plaintiff offers no basis whatsoever for the Court to conclude that the ALJ's decision is not supported by substantial evidence and offers no factual or legal basis for the Court to conclude that the ALJ committed reversible error.

There are no medical records for the time period at issue. While plaintiff contends that there are no treatment records for this time period because he was uninsured and unable to secure any medical treatment, his testimony does not support a finding of complete disability. Rather, when the ALJ questioned him regarding specific sedentary jobs, he testified that in the real world, these jobs were not available, not that he necessarily believed he was unable to perform these jobs. (Dkt. 9-2, Pg ID 65-66). Further, the limitations he described do not appear to preclude him from performing sedentary work as found by the ALJ in the RFC. Thus, the undersigned finds no basis for reversing the decision of the ALJ.

To the extent plaintiff's brief could be interpreted as a request for remand under sentence six, this claim fails as well. Under sentence six of 42 U.S.C. § 405(g), plaintiff has the burden to demonstrate that this evidence is "new" and "material" and that there is "good cause" for failing to present this evidence in the prior proceeding. *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir.

2006); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 598 (6th Cir. 2005). Courts "are not free to dispense with these statutory requirements." *Hollon*, 447 F.3d at 486. "Good cause" is *not* established solely because the new evidence was not generated until after the ALJ's decision; the Sixth Circuit has taken a "harder line" on the good cause test. *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986); *see also Perkins v. Apfel*, 14 Fed. Appx. 593, 598-99 (6th Cir. 2001). A plaintiff attempting to introduce new evidence must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision. *See Hollon*, 447 F.3d at 485; *see also Brace v. Comm'r of Soc. Sec.*, 97 Fed. Appx. 589, 592 (6th Cir. 2004) (claimant's decision to wait and schedule tests just before the hearing with the ALJ did not establish good cause); *Cranfield v. Comm'r of Soc. Sec.*, 79 Fed. Appx. 852, 859 (6th Cir. 2003). Additionally, in order to establish materiality, plaintiff must show that the introduction of the new evidence would have reasonably persuaded the Commissioner to reach a different conclusion. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *Sizemore v. Sec. of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988); *Hensley v. Comm'r of Soc. Sec.*, 214 Fed. Appx. 547, 550 (6th Cir. 2007).

Even if plaintiff could establish "good cause," he has failed to establish that the records are "material," and thus has failed to meet his burden for a sentence six

remand. To establish "materiality," plaintiff must explain how the introduction of the new evidence would have reasonably persuaded the Commissioner to reach a different conclusion. The additional records merely document a single examination from 2012 but do not contain any opinions on plaintiff's functional ability through the last date insured and, even if it did, such a retrospective opinion does not support plaintiff's disability through the last date insured of June 30, 2009. *See e.g.*, *Wladysiak v. Comm'r of Soc. Sec.*, 2013 WL 2480665, at *11 (E.D. Mich. 2013), citing *Lancaster v. Astrue*, 2009 WL 1851407, at *11 (M.D. Tenn. 2009) ("[A] retrospective diagnosis relating back to the insured period may be considered proof of disability only if it is corroborated by evidence contemporaneous with the eligible period."); *Clendening v. Astrue*, 2011 WL 1130448, *5 (N.D. Ohio 2011) (retrospective opinions not entitled to deference where treating physician had no first-hand knowledge of the claimant's condition prior to the last date insured), *aff'd*, 482 Fed.Appx. 93 (6th Cir. 2012). No such contemporaneous evidence exists and this particular physician does not appear to have treated plaintiff in the time frame at issue. Notably, the Appeals Council considered these records in evaluating plaintiff's disability claims and found that "the Administrative Law Judge decided your case through June 30, 2009, the date you were last insured for disability benefits. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled at

the time you were last insured for disability benefits." (Dkt. 9-2, Pg ID 32). For these reasons, the undersigned concludes that plaintiff has failed to meet his burden to demonstrate that the evidence is "material." Accordingly, a sentence six remand is not appropriate.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 28, 2014                     s/Michael Hluchaniuk
                                        Michael Hluchaniuk
                                        United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on July 28, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Allison Schwartz and Elizabeth J. Larin and to the following non-ECF participant: Gary Reiser, 113 Tyrrell Street, Clinton, MI 49236.

                                        s/Tammy Hallwood
                                        Case Manager
                                        (810) 341-7887
                                        tammy_hallwood@mied.uscourts.gov